**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ANTENNAS DIRECT, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| LANDMARK TECHNOLOGY, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Antennas Direct, Inc. ("Antennas Direct"), by its attorneys and for its Complaint against Defendant Landmark Technology, LLC ("Landmark"), hereby alleges, upon knowledge as to its own actions and on information and belief as to all other matters, as follows:

## INTRODUCTION

1. Landmark is a non-practicing entity seeking royalties from Antennas Direct (and numerous others) for alleged patent infringement of United States Patent No. 6,289,319 ("the '319 Patent"). Antennas Direct brings this action seeking a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '319 Patent, a declaration that the '319 Patent is invalid, a declaration that Landmark cannot enforce the '319 Patent, a judgment that Landmark's damages are limited based on its failure to comply with the provisions of 35 U.S.C. § 287 and a judgment that Landmark has violated Missouri's bad faith patent assertion statute, MO. REV. STAT. § 416.650, et. seq.

1

## THE PARTIES

2. Antennas Direct is a corporation organized under the laws of the State of Missouri, with its principal place of business at 16388 Westwoods Business Park, Ellisville, Missouri 63021.

3. Antennas Direct sells television antenna products for receiving high quality, over-the-air HDTV signals. Antennas Direct is located in Saint Louis, Missouri.

4. Antennas Direct does not have operations in California. Antennas Direct has no offices or store locations in California, and also has no employees there.

5. Upon information and belief, Landmark is a limited liability company organized under the laws of the State of Delaware, with an office at 329 Laurel, San Diego, California 92102.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, the Declaratory Judgment Act, and under the patent laws of the United States, 35 U.S.C. § 1, et seq. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

7. This Court has personal jurisdiction over Landmark because of Landmark's contacts with the state of Missouri. Landmark has purposefully directed its enforcement activities at residents of this district, including litigations against companies which are based in or have corporate offices in Missouri, e.g., Panera Bread Company, Build-A-Bear Workshop, Inc. and Triad Catalog Co., LLC.[1]

---

[1] *Landmark Technology, LLC v. Panera Bread Company*, E.D.T.X. Case No. 6:14-cv-00899; *Landmark Technology, LLC v. Build-A-Bear Workshop, Inc.*, E.D.T.X. Case No. 6:13-cv-00417; *Triad Catalog Co., LLC v. Landmark Technology, LLC*, E.D. Mo., Case No. 16-cv-01690.

2

8. This Court has personal jurisdiction over Landmark because Landmark has sufficient minimum contacts in the State of Missouri to satisfy Missouri's long-arm statute (MO. REV. STAT. § 506.500) and constitutional due process requirements, as Landmark conducts regular business activities in the State of Missouri and in this Judicial District, including but not limited to in connection with its licensing activities.

9. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because a substantial part of the events giving rise to the claims alleged below occurred in this Judicial District and Antennas Direct is based in this District.

## BACKGROUND

10. The '319 Patent, entitled "Automated Business and Financial Transaction Processing System," was issued on or about September 11, 2001. The named inventor of the '319 Patent is Lawrence B. Lockwood. A copy of the '319 Patent is attached as Exhibit A. A first Reexamination Certificate for the '319 Patent issued on or about July 17, 2007, adding new claims. A copy of the first Reexamination Certificate for the '319 Patent is attached as Exhibit B. A second Reexamination Certificate for the '319 Patent issued on or about January 9, 2013. A copy of the second Reexamination Certificate for the '319 Patent is attached as Exhibit C.

11. Upon information and belief, PanIP, LLC was a California Limited Liability Company with its principal place of business at 329 Laurel Street, San Diego, California 92102.

12. Upon information and belief, Lawrence B. Lockwood, inventor of the '319 Patent, was the only named member or manager for both PanIP, LLC and Landmark according to company filings with the California Secretary of State.

13. Upon information and belief, both PanIP, LLC and Landmark were and are used to extract licensing fees from companies regardless of whether they infringe the '319 Patent.

14. Upon information and belief, Landmark is a non-practicing entity that has filed over 30 lawsuits against various companies in different district courts asserting the '319 Patent and/or patents related to the '319 Patent. More specifically, since September 2008, Landmark has been involved in 40 lawsuits asserting the '319 Patent, of which, several suits have been or are being litigated in Missouri. As PanIP, LLC, Mr. Lockwood has filed 16 additional lawsuits involving the '319 Patent and other related patents.

15. As evidenced by the Complaints it has filed against numerous other licensing targets, Landmark files patent infringement lawsuits against those companies who receive its licensing demand letters, but fail to pay Landmark the requested amounts. *See,* e.g., *Landmark Technology, LLC v. G Stage Love.com Inc.*, S.D.C.A. Case No. 3:16-cv-00760, Dkt. No. 1, ¶ 11 ("Plaintiff sent Defendant a letter informing Defendant of the '319 Patent that Defendant's actions, as more fully described below, constituted infringement of the '319 Patent.") (Exhibit D); *Landmark Technology, LLC v. Canada Drugs LP*, S.D.C.A. Case No. 3:16-cv-00558, Dkt. No. 1, ¶ 11 ("On or about November 16, 2015, Plaintiff sent Defendant a letter informing Defendant of the '319 Patent that Defendant's actions, as more fully described below, constituted infringement of the '319 Patent.") (Exhibit E); *Landmark Technology, LLC v. YOOX Corporation*, E.D.T.X. Case No. 6:15-cv-00069, Dkt. No. 1, ¶ 8 ("On or about September 19, 2014, Plaintiff provided notice to Defendant informing Defendant of the '319 Patent and that Defendant's actions, as more fully described below, constituted infringement of the '319 Patent.") (Exhibit F).

16. Upon information and belief, none of the lawsuits involving Landmark or PanIP, LLC has made it as far as claim construction. Most cases brought by Landmark or PanIP appear to have been resolved prior to Defendant filing an answer.

4

17. Upon information and belief, Landmark has sent letters to numerous other companies, including numerous other companies based in Missouri, asserting infringement of the '319 Patent and demanding payment of money.

18. On information and belief, as "PanIP, LLC," Mr. Lockwood sent letters to numerous companies, including companies based in Missouri, asserting infringement of the '319 Patent and demanding payment of money.

19. By a letter dated February 1, 2017, Landmark accused Antennas Direct of infringing the '319 Patent ("First Letter," attached hereto as Exhibit G). The First Letter was sent to Antennas Direct at 16388 Westwoods Business Park, Ellisville, MO 63021 in this judicial district. The First Letter alleged that "Antennas Direct's data processing systems, particularly https://www.antennasdirect.com/store/cart.php, were infringing the '319 Patent." *See* Ex. G at 1; *see also id.* at 2 ("[T]he specific functionalities implemented by Antennas Direct using their servers and devices interfaced to Antennas Direct's web servers constitutes use of the technology taught within the meaning of Claim 1 of the '319 Patent").

20. The First Letter demanded that Antennas Direct take a non-exclusive license to Landmark's patent portfolio, including the '319 Patent, for $45,000. The First Letter also states that the offer "will not be available in the event of litigation" in an effort to discourage Antennas Direct from defending itself. *See* Ex. G at 2.

21. The First Letter states that "Landmark has licensed its patents to over 150 companies across various industries." Ex. G at 1.

22. Until Antennas Direct received the First Letter, it had no knowledge of Landmark or the '319 Patent.

23. By a second letter dated April 10, 2017 ("Second Letter," attached hereto as Exhibit H), Landmark reiterated its license demand, this time increasing the amount for a license to Landmark's portfolio to $55,000. The Second Letter concludes with a warning that "the $55,000 offer expires May 31, 2017." *See* Ex. H.

24. Nowhere in the Second Letter did Landmark indicate that the offer was negotiable. In fact, the Second Letter's brevity and lack of facts presents a take it or leave it—read "litigate it"—approach designed to extract a payment that would be significantly cheaper than defending a questionable patent infringement claim in court.

## **FIRST CAUSE OF ACTION**
(Violation of MO. REV. STAT. § 416.650, et seq.)

25. Antennas Direct repeats and realleges the allegations in paragraphs 1-24 of its Complaint as though fully set forth herein.

26. This Court has subject matter jurisdiction over this First Cause of Action under 28 U.S.C. § 1367, because it is so related to the other claims in this action that they form a part of the same case and controversy.

27. Antennas Direct is authorized to bring a cause of action under Missouri's Anti-Troll statute. MO. REV. STAT. § 416.654.

28. The First Letter meets the statutory definition of "demand letter" under MO. REV. STAT. § 416.650(1), as it is asserting that Antennas Direct has engaged in patent infringement.

29. Antennas Direct meets the statutory definition of "target" under MO. REV. STAT. § 416.650(2), as it is an end-user that obtained the accused functionality in the commercial market and that functionality has become the subject of Landmark's patent infringement allegations.

30. Antennas Direct is entitled to a finding that Landmark's conduct via the First and Second Letters constitutes bad faith assertion of patent infringement pursuant to MO. REV. STAT. § 416.652.

31. Specifically, the First Letter does not contain the "name and address of the patent owner or owners and assignee or assignees" because the letter does not assert that Landmark owns or is the assignee of the '319 Patent. MO. REV. STAT. § 416.652.2(1)(b). Further, according to the United States Patent and Trademark Office's records, Landmark is not the owner or assignee of the '319 Patent.

32. The First Letter lacks sufficient "[f]actual allegations concerning the specific areas in which the target's products, services, or technology infringe the patent or are covered by the claims in the patent." MO. REV. STAT. § 416.652.2(1)(c). The First Letter simply recites general functionalities purportedly claimed by the '319 Patent and includes conclusory allegations that Antennas Direct's "servers" or "webservers" have the same functionality. Neither the First Letter nor Second Letter provides a claim chart or any additional analysis comparing the '319 Patent's claim language to a specific product or device used by Antennas Direct. Notably, Claim 1 of the '319 Patent contains numerous "means-plus-function" limitations. However, neither the First Letter nor Second Letter provides factual allegations as to how Antennas Direct has engaged in conduct that meets these limitations.

33. The First Letter asked for payment within an unreasonably short period of time, specifically, "within 15 days of this letter". Ex. G at 2; *see* MO. REV. STAT. § 416.652.2(3).

34. Landmark's license demand for $45,000 and $55,000 is not tied to a reasonable value of the patent or to any estimate of Antennas Direct's infringement. *See* MO. REV. STAT.

§ 416.652.2(4). Instead, Landmark's license demand is the same amount Landmark has demanded from other entities.

35. Thus, Landmark's conduct amounts to a bad faith assertion of patent infringement in violation of MO. REV. STAT. § 416.650, et seq.

36. Antennas Direct has incurred monetary damages including attorneys' fees as a result of Landmark's bad faith assertion of patent infringement.

**SECOND CAUSE OF ACTION**
(Declaration That Landmark Does Not have the Right to Assert the '319 Patent)

37. Antennas Direct repeats and realleges the allegations in paragraphs 1-36 of its Complaint as though fully set forth herein.

38. There exists a real and immediate controversy between Landmark and Antennas Direct concerning alleged infringement of the '319 Patent to warrant the issuance of a declaratory judgment. This controversy arises, for example, from at least Landmark's allegations in the First Letter and Second Letter that Antennas Direct infringes at least claim 1 of the '319 Patent and its demand that Antennas Direct pay for a license to the Landmark portfolio on or before May 31, 2017. Landmark's allegations against Antennas Direct, alone and in combination with Landmark's widespread campaign of filing patent infringement lawsuits against licensing targets that refuse to pay the requested amounts, demonstrate an intent by Landmark to enforce the '319 Patent against Antennas Direct.

39. The First Letter alleged that Landmark "has exclusive rights to patents covering certain special purpose computer, communication."  The First Letter suggests a right to sublicense the '319 Patent. Ex. G ("Landmark has licensed its patent to over 150 companies"; "Landmark is currently offering Antennas Direct a non-exclusive license to its patent portfolio, including the '319 Patent").

40. Landmark has not asserted that it owns the '319 Patent or has the exclusive right to enforce the '319 Patent.

41. The United States Patent and Trademark Office records indicate that the '319 Patent is owned by Lawrence B. Lockwood.  Exhibit I.  No assignment has been recorded. *Id.*

42. Landmark does not own and cannot assert the '319 Patent and therefore cannot enforce any rights in the '319 Patent.

43. A judicial declaration is necessary and appropriate so that Antennas Direct may ascertain its rights regarding the '319 Patent and to prevent further injury to Antennas Direct.

### THIRD CAUSE OF ACTION
(Declaratory Judgment that Landmark has Failed to comply with 35 U.S.C. § 287)

44. Antennas Direct repeats and realleges the allegations in paragraphs 1-43 of its Complaint as though fully set forth herein.

45. There exists a real and immediate controversy between Landmark and Antennas Direct concerning alleged infringement of the '319 Patent to warrant the issuance of a declaratory judgment. This controversy arises, for example, from at least Landmark's allegations in the First Letter and Second Letter that Antennas Direct infringes at least claim 1 of the '319 Patent and its demand that Antennas Direct pay for a license to the Landmark portfolio on or before May 31, 2017. Landmark's allegations against Antennas Direct, alone and in combination with Landmark's widespread campaign of filing patent infringement lawsuits against licensing targets that refuse to pay the requested amounts, demonstrate an intent by Landmark to enforce the '319 Patent against Antennas Direct.

46. Landmark contends it has licensed its patents, including the '319 Patent, to over 150 companies across various industries. Ex. G at 1.

47. Pursuant to 35 U.S.C. § 287(a), a patentee must mark goods covered by the patent with the patent number.

48. 35 U.S.C. § 287(a) provides that "[i]n the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice."

49. Upon information and belief, Landmark has not marked its products, or caused any licensee to mark their products with the '319 Patent.

50. Antennas Direct is entitled to a declaration that Landmark may not recover damages prior to February 1, 2017.

## FOURTH CAUSE OF ACTION
(Declaratory Judgment of Non-Infringement)

51. Antennas Direct repeats and realleges the allegations in paragraphs 1-50 of its Complaint as though fully set forth herein.

52. Antennas Direct has not infringed and does not infringe any valid and enforceable claim of the '319 Patent, either literally or under the doctrine of equivalents.

53. There exists a real and immediate controversy between Landmark and Antennas Direct concerning alleged infringement of the '319 Patent to warrant the issuance of a declaratory judgment. This controversy arises, for example, from at least Landmark's allegations in the First Letter and Second Letter that Antennas Direct infringes at least claim 1 of the '319 Patent and its demand that Antennas Direct pay for a license to the Landmark portfolio on or before May 31, 2017. Landmark's allegations against Antennas Direct, alone and in combination with Landmark's widespread campaign of filing patent infringement lawsuits against licensing

targets that refuse to pay the requested amounts, demonstrate an intent by Landmark to enforce the '319 Patent against Antennas Direct.

54. A judicial declaration is necessary and appropriate so that Antennas Direct may ascertain its rights regarding the '319 Patent.

**FIFTH CAUSE OF ACTION**
(Declaratory Judgment of Invalidity)

55. Antennas Direct repeats and realleges the allegations in paragraphs 1-54 of its Complaint as though fully set forth herein.

56. The '319 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101 and/or 112.

57. For example, the '319 Patent is invalid under 35 U.S.C. § 101 because its claims are directed to the abstract idea of automated data processing of business transactions, and the recited generic computer components do not transform the claims into patent-eligible subject matter.

58. As another example, the '319 Patent is invalid under 35 U.S.C. § 112 because its claims are indefinite. The specification does not describe any structure corresponding to the functions recited for one or more of the means-plus-function elements recited in the claims, and the recited generic computer components cannot and do not satisfy the definiteness requirement.

59. There exists a real and immediate controversy between Landmark and Antennas Direct concerning alleged infringement of the '319 Patent, and in particular the validity of the '319 Patent, to warrant the issuance of a declaratory judgment. This controversy arises, for example, from at least Landmark's allegations in the First Letter and Second Letter that Antennas Direct infringes at least claim 1 of the '319 Patent and its demand that Antennas Direct pay for a license to the Landmark portfolio on or before May 31, 2017. Landmark's allegations

against Antennas Direct, alone and in combination with Landmark's widespread campaign of filing patent infringement lawsuits against licensing targets that refuse to pay the requested amounts, demonstrate an intent by Landmark to enforce the '319 Patent against Antennas Direct.

60. A judicial declaration is necessary and appropriate so that Antennas Direct may ascertain its rights regarding the '319 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Antennas Direct respectfully requests that the Court enter judgment in its favor granting the following relief:

A. A declaration that Antennas Direct has not infringed and does not infringe any valid and enforceable claim of the '319 Patent;

B. A declaration that the '319 Patent is invalid for failure to comply with the requirements of Title 35, United Sates Code, including at least §§ 101 and/or 112;

C. An order declaring that this is an exceptional case and awarding Antennas Direct its reasonable attorney fees under 35 U.S.C. § 285;

D. An award to Antennas Direct its costs and disbursements;

E. An injunction preventing Landmark from asserting, attempting to enforce and enforcing the '319 Patent against Antennas Direct pursuant to MO. REV. STAT. § 416.654.1 (1);

F. A monetary award of the greater of Antennas Direct actual monetary loss or ten thousand dollars pursuant to MO. REV. STAT. § 416.654.1(2);

G. An award of its attorneys' fees under MO. REV. STAT. § 416.654.1(3);

H. A declaration that Antennas Direct is not entitled to actual damages for any infringement of the '319 Patent occurring before Antennas Direct's receipt of Landmark's February 1, 2017, letter;  and

I.      Such other and additional relief as this Court may deem just and proper.

## JURY DEMAND

Antennas Direct hereby demands a jury trial on all issues raised in this action that are so triable.

Dated: April 28, 2017                          Respectfully submitted,

                                               HARNESS, DICKEY &PIERCE, PLC

                                               By: /s/ Joseph E. Walsh, Jr.
                                               Joseph E. Walsh, Jr., Bar No. 36176MO
                                               jwalsh@hdp.com
                                               Bryan K. Wheelock, Bar No. 32571MO
                                               bwheelock@hdp.com
                                               Joel R. Samuels, Bar No. 63587MO
                                               jsamuels@hdp.com
                                               7700 Bonhomme Avenue, Suite 400
                                               St. Louis, Missouri 63105
                                               (314) 726-7500 (telephone)
                                               (314) 726-7501 (facsimile)

                                               *Attorneys for Antennas Direct, Inc.*